UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK
_____x
XIE GUO QIANG, LI YONG XIANG,
JU XIANG CHEN, ZENG ZHAO JU,
GUO QUAN XIE, GUI BAO CHEN,
LI CHUN LONG, XUAN GUAN DONG, and
YOU RUI KUN,                                                    **COMPLAINT**

        Plaintiffs,                                  08 cv 4607

     v.

CHI HSIANG CORP., a.k.a. CHI HSING CORP.
d/b/a OUR PLACE CUISINES OF CHINA,
OUR PLACE SHANG HAI TEA GARDEN,
FEI TANG CORP., KONG PING CHEN,
HING CHEONG YU a.k.a SAM YU,
CHRISTOPHER HO, KONG CHUN CHEN,
AND KONG CHONG CHEN,

        Defendants.
_____x

## PRELIMINARY STATEMENT

1.     Plaintiffs are current and former take-out food delivery personnel for Chi Hsiang Corp which does business as Our Place Shang Hai Tea Garden (hereinafter"Our Place Restaurant"), located at 141 East 55th Street in Manhattan, New York.

2.     Plaintiffs work 6 days a week in shifts that vary between 11 to 12 hours a day.

3.     Plaintiffs began their employment over six years before the filing of this Complaint.  None of the plaintiffs were paid the minimum wage. Plaintiffs were paid $600 per month until on or around December 31, 2006 at which time they earned $900 per month.  Plaintiffs work approximately sixty-nine (69) hours per week. None of the plaintiffs are paid overtime. They all had to purchase and clean their own uniforms.

4.      Plaintiffs bring claims for minimum wage and overtime pay under the federal

Fair Labor Standards Act and New York State Labor Law.


## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29

U.S.C. §216. The Court has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c) in that the unlawful actions complained of occurred in, and the

records relevant to such practices are maintained in, this District.

## PLAINTIFFS

7.      Plaintiffs XIE GUO QIANG, LI YONG XIANG, JU XIANG CHEN, ZENG

ZHAO JU, GUO QUAN XIE, GUI BAO CHEN, LI CHUN LONG, XUAN

GUAN DONG, and YOU RUI KUN were employed as take-out order

delivery personnel by defendants at the SHANGHAI TEA GARDEN location..

8.      Plaintiffs were employed by defendants over various periods of time from 1997 to

the present.

9.      Plaintiffs are engaged in commerce. All employees at the Restaurant are engaged

in an industry affecting commerce.

10.     At all times relevant to this action, Plaintiffs were Defendants' employees within

the meaning of the Fair Labor Standards Act and New York Labor Law.

<u>DEFENDANTS</u>

11.    Defendant Chi Hsiang Corp.is incorporated in the State of New York and is located at 1444 Third Avenue, New York, New York. It is also known as Chi Hsing Corp. It operates a restaurant called Our Place Cuisines of China. On information and belief, the defendant operates another restaurant Our Place Shanghai Tea Garden at 141 East 55th Street, New York, New York.

12.    Our Place Restaurant, Our Place Shanghai Tea Garden, and Fei Tang Corp. are all businesses engaged in interstate commerce or enterprises engaged in interstate commerce whose gross sales exceed $500,000. Upon information and belief, the Restaurants purchase and handle goods moved in interstate commerce.

13.    Upon information and belief, Defendant Kong Ping Chen is a shareholder of Defendant Corporations.  Mr. Chen has the power to hire and fire employees, set their schedules and their terms and conditions of employment and maintain their records.

14.    Upon information and belief, Defendant Hing Cheong Yu is a shareholder of the corporate defendants. Mr. Yu is also known as Sam Yu. Mr. Yu has the power to hire and fire employees, set their schedules and their terms and conditions of employment and maintain their records.

15.    Defendant Christopher Ho is the General Manager of the Our Place Restaurant. Mr. Ho has the power to hire and fire employees, set their schedules and their terms and conditions of employment and maintain their records.

16.    Defendant Kong Chun Chen is a shareholder of the corporate defendants.  Mr. Chen has the power to hire and fire employees, set their schedules and their terms and conditions of employment and maintain their records.

17.    Defendant Kong Chong Chen is a shareholder of defendant corporations. Mr. Chen was the General Manager Restaurant. He had the power to hire and fire employees, set their schedule s and their terms and conditions of employment and maintain their records.

18.    Defendants Kong Ping Chen, Hing Cheong Yu, Christopher Ho, Kong Chun Chen and Kong Chong Chen are or were Plaintiffs' employers as that term is defined by the Fair Labor Standards Act and New York Labor Law.

<u>STATEMENT OF FACTS</u>

<u>MIMIMUM WAGE</u>

19.    Both the federal Fair Labor Standards Act and New York State Labor Law require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. §652.

20.    Defendants never paid Plaintiffs the minimum wage.

21.    When Plaintiffs were late for work, even 15 minutes late, the Defendants would deduct one-half of their daily wages.

22.    Plaintiffs were never informed by Defendants of the provisions of section 203(m) of the Fair Labor Standards Act.

<u>OVERTIME PAY</u>

23.    Federal and New York State require that Defendants pay overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. § 650 et seq., 12 NYCRR § 137 – 1.3.

4

24.    Defendants do not pay Plaintiffs overtime pay at one-and-a-half times their regular rate.

## SPREAD OF HOURS

25.    New York State Department of Labor Regulations § 137-1.6 provides that, if an employee is at work for 10 hours per day, then the employer is required to pay the employee an extra hour of pay at minimum wage. This "spread of hours" regulation is applicable even if there is a split shift.

26.     Plaintiffs routinely worked more than ten hours per day for a spread of hours greater than ten hours. Defendants never provided him with an extra hour of pay.

## UNIFORMS

27.    The Fair Labor Standards Act prohibits employers from requiring minimum wage employees to purchase or clean their uniforms. 29 U.S.C. § 201 et seq; 29 C.F.R. § 531.35.

28.    New York Department of Labor Regulations § 137-1.8 requires that employers reimburse their employees for the cost of purchasing a required uniform and for the cost of cleaning the uniform.

29.     Defendants require Plaintiffs to buy and clean a uniform for their job.

30.    Defendants do not reimburse Plaintiffs for the cost of the uniform nor its cleaning.

## KNOWING AND INTENTIONAL ACTS

31.    The Defendants knowingly, intentionally and willfully committed the acts alleged herein.

32.    The Defendants knew that the nonpayment of minimum wage, overtime pay and spread of-hours pay would financially injure Plaintiffs.

33.    On information and belief, Defendants fail to keep records of Plaintiffs' hours and wages in order to avoid liability for their wages.

## FIRST CAUSE OF ACTION

### Federal Minimum Wage and Overtime Violation

34.    Plaintiffs repeat and reallege all the paragraphs above.

35.    The Defendants' intentional failure to pay Plaintiffs the proper minimum wage and to pay overtime for their hours over 40 hours a week violates 29 U.S.C. § 201 et seq.

36.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## SECOND CAUSE OF ACTION

### New York State Wage Violations

37.    Plaintiffs allege and reallege all the paragraphs above.

38.    The Defendants intentional failure to pay Plaintiffs the minimum wage, including overtime pay, spread of hours pay, and uniform allowance, violates New York State Labor Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

39.     Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

    (a) awarding Plaintiffs compensatory and liquidated damages plus interest;

    (b) awarding Plaintiffs attorney's fees and costs; and

    (c) such other relief as this Court deems is just and proper.


Dated: New York, NY
       May 19, 2008


                Respectfully submitted,


              By:_____
                  Justin A. Zeller (7094)
                  The Law Office of Justin A. Zeller, P.C.
                  251 West 14th Street, 5th Floor
                  New York, NY 10011
                  Phone: (212) 229-2249
                  Fax:    (212) 229-2246


                  **ATTORNEY FOR PLAINTIFFS**