UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
XIE GUO QIANG, LI YONG XIANG,
JU XIANG CHEN, ZENG ZHAO JU,          Case No.: 08 cv 4607 (HB)(DFE)
GUO QUAN XIE, GUI BAO CHEN,
LI CHUN LONG, XUAN GUAN DONG, and
YOU RUI KUN,                          **ANSWER AND AFFIRMATIVE**
                                      **DEFENSES**
            Plaintiffs,

        v.

CHI HSIANG CORP., a.k.a. CHI HSING CORP.
d/b/a OUR PLACE CUISINES OF CHINA,
OUR PLACE SHANG HAI TEA GARDEN,
FEI TANG CORP., KONG PING CHEN,
HING CHEONG YU a.k.a. SAM YU,
CHRISTOPHER HO, KONG CHUN CHEN,
AND KONG CHONG CHEN,

            Defendants.
---------------------------------x

      Defendants Chi Hsiang Corp. d/b/a Our Place Cuisines of China, Shanghai Tea Garden (incorrectly n/h/a "Our Place Shang Hai Tea Garden"), Fei Tang Corp., Kong Ping Chen, Hing Cheong Yu a/k/a Sam Yu, Kong Chun Chen and Kong Chong Chen, excepting Christopher Ho (collectively, "Represented Defendants"), by and through their attorneys, Snow Becker Krauss P.C., for their Answer to the Complaint of Plaintiffs hereby state as follows:

## "AS TO PRELIMINARY STATEMENT"

1.    Represented Defendants deny the allegations contained in paragraph "1" of the Complaint except admit that Plaintiffs are current and former take-out delivery persons and/or servers for Shanghai Tea Garden located at 141 East 55th Street, New York, New York 10022 which was owned by 22 Century Inc. from in or around October

1998 to on or about June 29, 2008 and by Fei Tang Corp. from June 30, 2008 to the present.

2. Represented Defendants deny the allegations contained in paragraph "2" of the Complaint.

3. Represented Defendants deny the allegations contained in paragraph "3" of the Complaint, except admit that Plaintiffs Zeng Zhao Ju, Gui Bao Chen (a/k/a Jian Rong Chen) and Chun Long Li (n/h/a Li Chun Long) began their employment over six years before the filing of this Complaint and further admit the allegations contained in the third sentence of paragraph "3" of the Complaint.

4. No response is required to the allegations contained in paragraph "4" of the Complaint as the allegations call for a legal conclusion.

## "AS TO JURISDICTION AND VENUE"

5. No response is required to the allegations contained in paragraph "5" of the Complaint as the allegations call for a legal conclusion.

6. Represented Defendants admit the allegations contained in paragraph "6" of the Complaint, except deny any unlawful actions.

## "AS TO PLAINTIFFS"

7. Represented Defendants deny the allegations contained in paragraph "7" of the Complaint except admit that Plaintiffs were employed as take-out food delivery persons and/or servers at Shanghai Tea Garden by 22 Century Inc. from in or around October 1998 to on or about June 29, 2008 and by Fei Tang Corp. from on or about June 30, 2008 to the present.

8. Represented Defendants deny the allegations contained in paragraph "8" of the Complaint except admit that Plaintiffs were employed over various periods of time at Shanghai Tea Garden from in or around October 1998 to the present by 22 Century Inc. from in or around October 1998 to on or about June 29, 2008 and by Fei Tang Corp. from on or about June 30, 2008 to the present.

9. No response is required to the allegations contained in paragraph "9" of the Complaint as the allegations call for a legal conclusion.

10. No response is required to the allegations contained in paragraph "10" of the Complaint as the allegations call for a legal conclusion, except that Plaintiffs were employed as set forth in paragraphs "7" and "8" above.

### "AS TO DEFENDANTS"

11. Represented Defendants admit the allegations contained in paragraph "11" of the Complaint, except deny that Defendant Chi Hsiang Corp. is known by another name or that Chi Hsiang Corp. operates Shanghai Tea Garden.

12. Represented Defendants admit the allegations contained in paragraph "12" of the Complaint.

13. Represented Defendants deny the allegations contained in paragraph "13" of the Complaint except admit that Kong Ping Chen is a shareholder of Chi Hsiang Corp. and 22 Century Inc. and that he had the power to hire and fire employees at Shanghai Tea Garden, set their schedules and their terms and conditions of employment and maintain their records from in or around October 1998 to on or about June 29, 2008.

14. Represented Defendants deny the allegations contained in paragraph "14" of the Complaint, except admit that Hing Cheong Yu is a shareholder of Chi Hsiang

3

Corp. and Fei Tang Corp., that he is also known as Sam Yu and that he has the power to hire and fire employees at Shanghai Tea Garden, set their schedules and their terms and conditions of employment and maintain their records, effective June 30, 2008.

15. Represented Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. Represented Defendants deny the allegations contained in paragraph "16" of the Complaint.

17. Represented Defendants deny the allegations contained in paragraph "17" of the Complaint.

18. No response is required to the allegations contained in paragraph "18" of the Complaint as the allegations call for a legal conclusion.

### "AS TO STATEMENT OF FACTS"

### "AS TO MINIMUM WAGE"

19. No response is required to the allegations contained in paragraph "19" of the Complaint as the allegations call for a legal conclusion.

20. Represented Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Represented Defendants deny the allegations contained in paragraph "21" of the Complaint.

22. Represented Defendants deny the allegations contained in paragraph "22" of the Complaint.

### "AS TO OVERTIME PAY"

23. No response is required to the allegations contained in paragraph "23" of the Complaint as the allegations call for a legal conclusion.

24. Represented Defendants deny the allegations contained in paragraph "24" of the Complaint.

### "AS TO SPREAD OF HOURS"

25. No response is required to the allegations contained in paragraph "25" of the Complaint as the allegations call for a legal conclusion.

26. Represented Defendants deny the allegations contained in paragraph "26" of the Complaint.

### "AS TO UNIFORMS"

27. No response is required to the allegations contained in paragraph "27" of the Complaint as the allegations call for a legal conclusion.

28. No response is required to the allegations contained in paragraph "28" of the Complaint as the allegations call for a legal conclusion.

29. Represented Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. Represented Defendants deny the allegations contained in paragraph "30" of the Complaint.

### "AS TO KNOWING AND INTENTIONAL ACTS"

31. Represented Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Represented Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Represented Defendants deny the allegations contained in paragraph "33" of the Complaint.

### "AS TO FIRST CAUSE OF ACTION"

34. In response to paragraph "34" of the Complaint, Represented Defendants repeat and reallege each and every response to Plaintiffs' allegations contained in paragraphs "1" to "33" of the Complaint as if more fully set forth herein.

35. Represented Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Represented Defendants deny the allegations contained in paragraph "36" of the Complaint.

### "AS TO SECOND CAUSE OF ACTION"

37. In response to paragraph "37" of the Complaint, Represented Defendants repeat and reallege each and every response to Plaintiffs' allegations contained in paragraphs "1" to "36" of the Complaint as if more fully set forth herein.

38. Represented Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Represented Defendants deny the allegations contained in paragraph "39" of the Complaint.

## "AS TO AND FOR AFFIRMATIVE AND OTHER DEFENSES"

40. Represented Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that Represented Defendants would not otherwise have:

### "AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE"

41. Plaintiffs' Complaint fails, in whole and/or in part, to state a claim upon which relief could be granted.

### "AS AND FOR A SECOND AFFIRMATIVE DEFENSE"

42. Plaintiffs' claims are barred by the applicable statutes of limitations.

### "AS AND FOR A THIRD AFFIRMATIVE DEFENSE"

43. Plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel.

### "AS AND FOR A FOURTH AFFIRMATIVE DEFENSE"

44. Plaintiffs' claims are barred by the doctrine of unclean hands.

### "AS AND FOR A FIFTH AFFIRMATIVE DEFENSE"

45. Plaintiffs are not entitled to liquidated damages under New York State law as this is a multi-plaintiff claim.

### "AS AND FOR A SIXTH AFFIRMATIVE DEFENSE"

46. Represented Defendants reserve the right to amend their Answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiffs as those claims become known during this litigation.

**WHEREFORE**, Represented Defendants pray that this Court enter a judgment:

1. dismissing the Complaint in its entirety with prejudice;

2. granting Represented Defendants their costs, including attorneys' fees, incurred in this action; and

3. granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 23, 2008

         Respectfully submitted,

         SNOW BECKER KRAUSS P.C.

         By: *David B. Feldman*
         David B. Feldman
         Leonard W. Wagman
         605 Third Avenue
         New York, New York 10158-0125
         Office: 212-455-0476
         Fax:   212-949-7052
         dfeldman@sbklaw.com
         lwagman@sbklaw.com
         *Attorneys for Represented Defendants*